QUIÑONES ET AL., DEMANDANTES Y APELADAS, *v.* ZALDUONDO ET AL., DEMANDADOS Y APELANTES.

APELACIÓN procedente de la Corte de Distrito de San Juan, Distrito Primero, en pleito sobre rescisión de contrato. Moción para que se desestime la apelación y se reconsi dere una resolución de esta Corte.

No. 3261.—Resuelto en marzo 3, 1924.

DESESTIMACIÓN DE APELACIÓN—TÉRMINO PARA RADICAR LA TRANSCRIPCIÓN—PROCLAMA DEL GOBERNADOR DECRETANDO EL CIERRE DE LAS OFICINAS PÚBLICAS—SU EFECTO EN CUANTO A LA COMPUTACIÓN DE TÉRMINOS.—Habiendo vencido el término que la parte apelante tenía en este caso para archivar su transcripción, el 6 de febrero de 1924, día en que las oficinas públicas permanecieron cerradas por orden del Gobernador expedida con motivo de la celebración en dicho día de los funerales de Woodrow Wilson, Presidente que fué de los Estados Unidos de América, es aplicable lo dispuesto en el artículo 388 del Código Político, y por tanto no procede desestimar el recurso por haberse dejado de archivar la transcripción en el mencionado día o de solicitar prórroga para su archivo.

Los hechos están expresados en la opinión.

Abogados de los apelantes: *Sres. Llorens & Arroyo.*

Abogado de las apeladas: *Sr. Juan de Guzmán Benítez.*

EL JUEZ PRESIDENTE SR. DEL TORO, emitió la opinión del tribunal.

Penden de resolución en este caso una moción solicitando la reconsideración de la orden de esta corte de 7 de febrero actual, por virtud de la cual se negó una prórroga solicitada ese día por los apelantes para archivar la transcripción de los autos, por haber vencido el término el día anterior, y una moción de los apelados solicitando la desestimación del recurso, por no haberse archivado en tiempo la transcripción.

De no reconsiderarse la orden del 7 de febrero, no hay duda que procede la desestimación del recurso, pero existe una circunstancia que nos lleva a la reconsideración solicitada y por lo tanto a declarar sin lugar la moción de desestimación.

Los apelantes sostienen que el día seis por la mañana trataron de obtener ''la certificación del Secretario y el sello de rentas internas, pero no pudieron obtener ni una cosa ni la otra porque el Gobernador de Puerto Rico declaró día de duelo general el referido seis del corriente.''

En efecto por proclama publicada en el Boletín Administrativo No. 253, el Gobernador ordenó que el día seis de febrero en que tendrían lugar los funerales de Woodrow Wilson, Presidente que fué de la República, todos los departamentos y oficinas del gobierno fueran cerrados y cesaran todos los negocios y trabajos públicos.

El artículo 388 del Código Político dice:

''El tiempo en que cualquier acto prescrito por la ley deba cumplirse, se computará excluyendo el primer día e incluyendo el último, a menos que éste sea día de fiesta, en cuyo caso será también excluído.''

¿Debe considerarse como un ''día de fiesta'' el 6 de febrero de 1924?

El artículo 387 del propio Código Político fija los ''días de fiesta'' en Puerto Rico y establece que lo será además cualquier día que como tal declare el Gobernador de la Isla. Expresamente no declaró el Gobernador en este caso día de fiesta el 6 de febrero, pero al ordenar que todos los departamentos y oficinas del gobierno fueran cerrados y que el trabajo público cesara, hizo imposible la gestión de los demandantes en el indicado día seis, y a nuestro juicio, la norma fijada por el artículo 388 del Código Político debe ser aplicada.   Siendo ello así, la moción de prórroga presentada el día siete, lo fué en tiempo.   Parece conveniente hacer

constar que la transcripción se archivó el día ocho de fe-
brero sólo algunas horas después de archivada la moción de
desestimación.

En el acto de la vista de la moción de desestimación el
abogado de las apeladas se refirió a ciertas frases, que ca-
lificó de impropias y ofensivas, contenidas en la moción de
reconsideración, y pidió la protección de la corte. Los ape-
lantes dicen que fueron diligentes en la prosecución de su
caso y que si alguna culpa ha habido es imputable a la con-
ducta del abogado de las apeladas que, contra las reglas que
dicta el compañerismo y la ética forense, puso innecesarios
obstáculos a la tramitación del recurso. Esos obstáculos
consistieron en haberse negado a certificar dicho abogado
la certeza de la transcripción cuando a última hora le fue
sometida.

Un abogado no tiene la obligación en tal caso de certi-
ficar y al proceder así no viola las reglas de la ética. La
ley señala los medios, la certificación del secretario y la
de los abogados. No debe esperarse a última hora. A su
debido tiempo deben los abogados ponerse de acuerdo. Si
después de haberse puesto de acuerdo, sometida en el tiempo
especificado la transcripción, sin motivo justificado alguno,
el abogado se negara a certificar e hiciera perder su dere-
cho a la otra parte, entonces sí su conducta constituiría una
violación de la ética, pero ese no es aquí el caso y por lo tanto
las palabras indicadas deben eliminarse del escrito de que
se ha hecho mérito.

Parece conveniente transcribir la regla 17 de los "Cá-
nones de Etica" adoptados por la Asociación Americana de
Abogados. Dice así:

"Los clientes, no los abogados, son los litigantes. Cualquiera
que pueda ser el encono que exista entre los clientes, no debe per-
mitirse que influya en el abogado en su conducta y comporta-
miento hacia el otro abogado o hacia las partes en el caso. Todas

las cuestiones personales entre abogados deben evitarse escrupulosamente. . . . .''

A virtud de todo lo expuesto, debe dejarse sin efecto la orden de siete de febrero, concederse la prórroga de diez díaz solicitada, desglosarse la moción de reconsideración y entregarse a los apelantes para que en el término de tres días la archiven de nuevo eliminando de ella todos los conceptos ofensivos al letrado de las apeladas, y finalmente declararse no haber lugar a la desestimación del recurso.

>    *Sin efecto la resolución de febrero 7, 1924;*
>    *se concede la prórroga solicitada y se de-*
>    *declara sin lugar la desestimación.*

Jueces concurrentes: Sres Asociados Wolf, Aldrey, Hutchison y Franco Soto.